May it please the Court, Your Honor, Benjamin Ramos on behalf of Appellant Reno Rios. My argument will be brief because after reviewing the Court's recent order to address whether the case Cassett v. Stewart requires this Court to remand, I'm of the opinion that this Court may remand this case to the district court to determine whether the petitioner fully exhausted his claims. I don't think that the case necessarily requires that, but given the requirements of exhaustion, I think it would be proper for the Court to order a remand. And unless the Court wants me to go on to other matters, that's the case. But let's hear what the State has to say. Maybe you can hold hands on this one. May it please the Court, Amy Daniel, Deputy Attorney General, appearing on behalf of Appellee. I would submit that since the rule of Cassett would prohibit the district court from dismissing the petition as duplicative of the Gilman class action, since that's not a ruling on the merits, the district court's dismissal could be affirmed on that basis. Also, should the court find that habeas jurisdiction is lacking in this case, it's also not, or rather than the claim would not be colorable in Federal habeas, it could be affirmed on that basis. There's a whole series of reasons the district court might have dismissed it, but if we had gotten the right new exhaustion, we wouldn't have gotten any of those, would we? It's correct, Your Honor. So isn't that the best procedural way to handle? We may reach those issues in the other cases. They're all posed, but at least if we have to deal with this case separately, isn't the best procedural way to deal with it is to send it back? Certainly. It could be finally disposed at this level. However, should the court determine there's no need for remand because it's duplicative of Gilman, it could also be disposed of at this level if there's no jurisdiction. Should the court find that there is a claim on the merits that can be remanded despite those two issues, then, yes, under the rule of Cassett, remand would be appropriate. And that's the only separate issue posed by this case. The other one the other two issues are posed by the other cases we have in front of us also, right? Yes, Your Honor. Thank you, Kathleen. Thank you. Nothing further. The case just argued will be submitted.
judges: Reinhardt, Noonan, Hurwitz